IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET SUE HARDING, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No. 20-373 |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 17 and 23). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 18 and 24). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 17) and granting Defendant's Motion for Summary Judgment. (ECF No. 23).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Plaintiff filed her applications alleging disability since December 31, 2010. Administrative Law Judge ("ALJ"), Raymond Prybyliski, held a hearing on October 15, 2018. (ECF No. 15-2, pp. 33-83). On January 30, 2019, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 15-2, pp. 16-26).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 17 and 23). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weight of Opinion Evidence

Plaintiff first argues that the ALJ improperly weighed the opinion evidence. (ECF No. 18, pp. 4-13). Plaintiff spends a significant portion of his brief suggesting the "medical evidence supports the claim for disability" and that a "careful review of the Claimant's testimony and the medical evidence produced in this matter reveals that the Claimant's condition precludes her from securing gainful employment." (ECF No. 18, pp. 3, 4, 5-13). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is entirely misplaced.

Plaintiff also seems to be arguing the ALJ's reasons for discrediting the opinions of Dr. Bensur and Dr. Stabile were not proper. (ECF No. 18, pp.12-13). To that end, Plaintiff essentially acknowledges that the opinions of the doctors are inconsistent with their treatment records but argues that such an inconsistency is not a valid reason for discounting their opinions suggesting that the purpose for each is different therefore the content for each will be different. *Id.* I disagree. Consistency/inconsistency and supportability are appropriate, valid, and

3

acceptable reasons for weighing opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Moreover, an ALJ is not required to accept the treating physician's opinion uncritically. Rather, the ALJ must weigh the opinion evidence along with all of the evidence of the record. *Id.* While there may be evidence that supports the position of Plaintiff, which she points out, the standard of review is not whether there is evidence to support Plaintiff's position. The standard is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Consequently, I find no error in this regard and remand is not warranted on this basis.[1]

### C. Credibility

Plaintiff additionally argues that the ALJ erred by failing to adequately explain why her testimony was found to be less than fully credible. (ECF No. 18, pp. 13-19). In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record, including daily activities. SSR 16-3p; 20 C.F.R. §§404.1529(c), 416.929(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Plaintiff submits that the ALJ "merely states that Claimant's testimony was not entirely consistent with the medical and other evidence of record." *Id.* at 13. After a review of the record, I find this to be an inaccurate statement. Rather, the ALJ explained the reasons for his conclusion in his decision. (ECF No. 15-2, p. 22). The ALJ considered the factors set forth

---

[1] I also note that the ALJ found the opinions to be inconsistent not just with the treatment notes, but also the medical record as a whole and Plaintiff's activities of daily living. (ECF No. 15-2, p. 24).

4

above. (ECF No. 15-2, pp. 21-24). Specifically, he considered Plaintiff's testimony and then considered the other evidence of record as they relate to the same which demonstrate the inconsistencies. *Id.* Therefore, I find no error in this regard and remand is not warranted.[2]

An appropriate order shall follow.

---

[2] Plaintiff again asserts in this section of her brief that her testimony and the medical evidence supports her position that she is disabled. (ECF No. 18, p. 14). Once again, I note that the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is misplaced.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARGARET SUE HARDING,)
)
      Plaintiff,)
)
 -vs-)   Civil Action No. 20-373
)
ANDREW M. SAUL,)
COMMISSIONER OF SOCIAL SECURITY,)
)
      Defendant.)

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 23rd day of June, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 17) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

                      BY THE COURT:

                      */s/ Donetta W. Ambrose*

                      Donetta W. Ambrose
                      United States Senior District Judge